JAMES W. WHITNEY AND OTHERS, APPELLANTS, *v.* EMIL HIRSCH AND TILLIE STERN, RESPONDENTS.

*Attachment — in what actions it may be issued — Code of Civil Procedure, sec. 635 — when affidavits made in another action may be used on a motion for an attachment.*

In this action, brought against the defendants Hirsch and Stern, who were alleged to have been carrying on business as partners, to recover the value of goods and merchandise sold to them, an attachment was issued upon the ground that the defendant Hirsch had disposed of his property with intent to defraud his creditors, by making a general assignment in which he preferred his co-defendant Stern.

It was alleged in the complaint, and in the affidavits upon which the attachment was granted, that the plaintiffs were induced to sell and deliver the goods by fraudulent representations concerning the defendants' financial condition.

*Held,* that the action was one in which an attachment might properly be issued, it being an action to recover damages for a breach of an express contract

other than a contract to marry, within the intent of subdivision 1 of section 635 of the Code of Civil Procedure, and that the insertion of the allegations of the fraudulent representations did not convert it into an action in tort. (BRADY, J., dissenting.)

That if it were considered to be in tort and not on contract the attachment might still be issued, as it would be an action to recover damages for "fraud" or for "an injury to personal property," within the meaning of subdivision 3 of section 635 of the Code of Civil Procedure. (Per DANIELS and DAVIS, JJ.)

*Wittner* v. *Von Minden* (27 Hun, 234), distinguished and criticised.

Some of the affidavits used upon the hearing were not made in this action, but in part consisted of copies of affidavits and extracts from others, made and filed in an action against the same defendants, brought by Horace B. Claflin and others. These copies and extracts were included because of an alleged inability to obtain affidavits in this action from the persons whose affidavits were used in the Claflin action.

*Held,* no error.

*Bennett* v. *Edwards* (27 Hun, 352) followed; *Wilmerding* v. *Cunningham* (65 How., 345) distinguished.

APPEAL from an order, made at Special Term vacating an attachment.

*Charles H. Smith,* for the appellants.

*Blumensteil & Hirsch,* for the respondents.

DANIELS, J. :

According to an affidavit of one of the plaintiffs, on which with others the attachment was issued, and the amended complaint in the action, the plaintiffs sold and delivered to the firm of Emil Hirsch, alleged to be composed of the defendants, goods and merchandise amounting in value to the sum of $1,080.25, and it is for the recovery of that amount that judgment was demanded in the action. But it has been insisted that an attachment could not issue in the action brought for the recovery of this indebtedness, for the reason that it is alleged in the complaint, and also stated in the affidavits, that fraudulent representations were made concerning the financial condition of the business, by which the plaintiffs were induced to sell and deliver the goods. This, however, under section 635 of the Code of Civil Procedure, did not deprive the plaintiffs of the right to an attachment upon complying with what has been further required to be shown by the next succeeding section. For a warrant of attachment has been allowed to be issued in an action

for the breach of a contract express or implied, other than a contract to marry, and such a breach of contract has been alleged in the complaint and sustained by the affidavits upon which the attachment has been issued. For it has been made to appear that the goods were sold and delivered at the request of the defendants, and that the price to be paid for them was agreed upon, and the debt has become due and that price has not been paid.

These facts present the case of a contract made to pay the purchase-price of the goods, and the omission on the part of the defendants to perform their contract and entitled the plaintiffs to an attachment under the first subdivision of the section, by complying with the additional requirements contained in the next section. And the action for the recovery of the debt was not deprived of its character as an action upon contract, by reason of the further fact that the debt had been fraudulently contracted, and the defendants upon the recovery of a judgment could be arrested and imprisoned upon the execution. But if this action should be held to depend upon the allegations of fraudulent representations inducing the sale, it would still be one in which an attachment could issue. For by subdivision 3 of the same section, an attachment has been authorized for fraud, negligence or other wrongful act, as well as for any other injury to property not mentioned in subdivision 2 of the same section in which an attachment has also been allowed. And an injury to property has been defined by subdivision 10 of section 3343 of the Code to include "an actionable act whereby the estate of another is lessened, other than a personal injury or the breach of a contract." The fraudulent representations made were certainly not a personal injury nor a breach of a contract, but they did constitute an actionable act for fraud whereby the estate of the plaintiffs was diminished or lessened, so far as they were induced to part with their goods in reliance upon the truth of the representations. And under this definition of an injury to personal property an attachment might be issued in an action based upon it, under subdivision 3 of section 635 of the Code. This subject was considered in *Bogart* v. *Dart* (25 Hun, 395), where it was held, by this General Term, that an attachment might be issued to recover for advances made upon the faith of forged bills, notes and acceptances, and it was followed in *Weiller* v. *Schreiber* (63 How., 491).

It has been supposed that *Wittner* v. *Von Minden* (27 Hun, 234) by its language restricted this section of the Code so far as to exclude from it an action of the present description; but it did not, and if it did, as the cases have been prescribed by the statute in which attachments may be issued, the act itself would be required to be followed, rather than a determination tending to abridge its' effect. As the present case has been presented, it is included within the first subdivision of section 635. But if any doubt could exist as to the correctness of that construction, it would surely be within the provisions contained in the third subdivision of the same section.

· The attachment was issued upon the further ground that the defendants had disposed of their property with intent to defraud their creditors, and that charge was chiefly made to depend upon a general assignment executed by Emil Hirsch himself, in which he preferred the other defendant Tillie Stern, in the amount of $8,144.31. This preference has been assailed as unlawful for the reason that she was in fact a partner with the assignor in the business carried on in his name and assigned by the assignment. And affidavits have been produced tending very directly to establish the fact that she was a partner in this' business. These affidavits were not all made in this action, but in part consisted of copies of affidavits, and extracts from others, made and filed in an action against the same defendants, brought by Horace B. Claflin and others. These copies and extracts have been included, because of an alleged inability to obtain affidavits in this action from persons whose affidavits were made in the Claflin suit. And it has been held in *Bennett* v. *Edwards* (27 Hun, 352) that such extracts may be used under this state of the facts, and the correctness of that conclusion was in no manner doubted in *Wilmerding* v. *Cunningham* (65 How., 345) where only the results deemed to be supported by the affidavits were contained in that upon which the attachment was based, and that was held not to be sufficient and the same rule was followed in *Greenbaum* v. *Dwyer* (66 How., 266.)

Under the facts as they have been disclosed, therefore, the extracts from the affidavits on file may lawfully be made use of to support the plaintiffs' right to the attachment. The statements extracted and the affidavits copied were made under the restraints of oaths administered for that purpose, and if they could be shown

to be willfully false, the persons making them would be liable to conviction and punishment for the crime of perjury, under the laws of the State, as much so, certainly, as though the affidavit containing these extracts and those copied was made in this action. These extracts and copies, to a reasonable degree of certainty, establish the fact that the defendant Stern formed a partnership with the defendant Hirsch in the business, and she probably continued to be a partner through the time when the plaintiffs' goods were sold and delivered. The only qualification of her relation to the business was stated by her husband to be that he informed Mr. Hirsch that he wanted to withdraw the moneys which had been invested in the business on behalf of his wife. That was objected to by Hirsch, because it would break him up to withdraw the capital, and he is stated by her husband to have added : "You remain here; I will engage you as assistant clerk in the business, under a salary ; arranging that the money was to remain in the business until January 1, 1884, which I consented to on behalf of my wife." This was not considered by Hirsch to exclude her from her rights as a partner in the business, and he is so stated to have informed the plaintiffs' attorney on the 21st day of July, 1884, when, according to his affidavit, Hirsch said Tillie Stern and himself were partners. And a like statement is verified by Leo Frank, a copy of whose affidavit, made in the Claflin suit, was contained in the papers upon which the attachment was issued.

As the case was presented, there was certainly reasonable ground for believing that Tillie Stern continued to be a partner with Hirsch all through the times when the plaintiffs' goods were sold and delivered, and the assignment was subsequently made, which was on the 22d of November, 1883, and, being a partner in the business, it was fraudulent to prefer her as a creditor in the general assignment made for the benefit of creditors. Substantially the same state of facts was presented in the case of *Claflin* v. *Hirsch*, where it was held by this General Term that the attachment could legally be issued and sustained, for the reason that there had been this fraudulent disposition of the debtors' property. The attachment issued in this action ought not to have been vacated, and the order vacating it should be reversed, with the usual costs and disbursements, and an order entered denying the motion.

DAVIS. P. J.:

My brothers BRADY and DANIELS not concurring in their views in this case, it becomes necessary that I should state the grounds on which I think the disposition of the appeal should be made.

The action is brought to recover for goods sold and delivered. It is therefore an action upon contract. In such an action under the provisions of section 549 (sub. 4), where for the purpose of arresting the defendant it is claimed that the defendant was guilty of a fraud in contracting or incurring the liability, it is necessary that the allegations of fraud should be made in the complaint in issuable form so that they may be tried by a jury or by the court, but this fact does not change the action from one upon contract. It only affects the remedies, provisional and final, and subjects the plaintiff if he fail to prove the alleged frauds to a new action upon the contract as one not fraudulently contracted.

As the action notwithstanding the allegation of fraud continues to be one upon contract, there seems to me to be no reason why the attachment may not be sustained. The case relied upon by BRADY, J., is not applicable. (*Wittner* v. *Von Minden*, 27 Hun, 234.) That was a case where the action was brought to recover damages for an alleged fraud, and not to recover the purchase-price of goods sold and delivered.

If the question decided in *Wittner* v. *Von Minden* were an open one, it might well be doubted whether the attachment in this case could not be upheld under the third subdivision of section 635 of the Code, which gives an attachment in an action for any injury to personal property, in consequence of negligence, fraud or other wrongful act; and under the definition of injury to personal property (sec. 3343, sub. 10 of the Code), the inducing of a sale and delivery of property by fraudulent representations is clearly an act for which an attachment is allowable.

I concur, therefore, with my brother DANIELS, that the order in this case should be reversed.

BRADY, J. (dissenting):

The complaint herein alleges that the defendants fraudulently contracted the debt for which judgment is demanded, and it is thus brought within the provisions of subdivision 4 of section 549 of

the Code, which distinctly provide that where such an allegation is made the plaintiff cannot recover unless the fraud is established; and further, that a judgment for the defendant is not a bar to a new action upon the contract only. In such an action this court held distinctly that an attachment under the provisions of the Code could not be maintained. (*Wittner* v. *Von Minden*, 27 Hun, 234.)

The judgment under the complaint in this action in favor of the plaintiffs would authorize the imprisonment of the defendant if it were not paid. This view renders it perhaps unnecessary to consider any other question suggested upon the appeal. But it may not be improper to observe, it appearing from the affidavits that there is a further suggestion that the property of the defendants was disposed of by them, in whole or in part, for the purpose of defrauding their creditors, that if the action were simply to recover a sum of money founded upon a contract, and the court were satisfied that a fraudulent disposition of the property had been made, it would grant an attachment as one of the provisional remedies secured to litigants by the provisions of the Code. But this, as already shown, is not such an action. Nothing either in the case of *Muser* v. *Lissner* (MSS. opinion in this Dept., October, 1884) or in *Ledwich* v. *McKim* (53 N. Y., 307), at all conflicts with the results stated.

The plaintiffs are bound, in the prosecution of their remedy, by the allegations in the complaint, and their success, as we have seen, is dependent upon the proof of those allegations. If not successful they are not deprived, as we have seen also, of a new action founded upon the contract alone, by which the defendants became responsible. They would not be entitled, therefore, even if the evidence sufficiently established the fact, to an attachment in this action, upon the ground that the defendants had fraudulently disposed of their property with the intention to defraud their creditors.

For these reasons the order appealed from should be affirmed.

Order reversed and motion denied, with ten dollars costs and disbursements.